UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE:<br><br>EX PARTE APPLICATION OF ALLAN GREEN, CANDEL & PARTNERS, AND DIGITAL INNOVATIONS HOLDING FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING UNDER 28 U.S.C. § 1782 | : | 26-MC-166 (JMF)<br><br>MEMORANDUM OPINION AND ORDER |

JESSE M. FURMAN, United States District Judge:

Applicants Allan Green, Candel & Partners SAS, and Digital Innovations Holding LLC (together, "Applicants"), seek discovery, pursuant to 28 U.S.C. § 1782(a), from Silverpeak Renewables Investment Partners LP, Silverpeak Real Estate Partners LP, Silverpeak Strategic Partners LP, Kaushik Amin, and Harsh Rameshwar (together, the "Silverpeak Parties"), for use in a contemplated action that would be filed before the Paris Court of Appeal. In brief, Applicants are minority shareholders in North Atlantic Energies ("NAE"), a French company formerly known as Esso Société Anonyme Française S.A. ("Esso"). *See* ECF No. 1 ("Applicants' Mem."), at 2; ECF No. 39 ("Angel Decl."), ¶ 6. In 2025, North Atlantic France ("NAF") purchased a controlling stake in NAE as part of a complex transaction that the Silverpeak Parties helped negotiate. *See* ECF No. 5 ("Dessault Decl."), ¶ 11; ECF No. 40 ("Socolow Decl."), ¶¶ 9-12. Under French law, NAF is required to file with the Autorité des Marchés Financiers ("AMF"), France's financial regulator, a public tender offer for the remaining shares. *See* Dessault Decl. ¶¶ 4, 11, 45. The AMF, in turn, is required to rule on whether that proposed offer complies with applicable legal and regulatory requirements. *See id.* ¶¶ 52-54. If the AMF declares the offer compliant, minority shareholders have the right to appeal its ruling by way of an appeal to the Paris Court of Appeal. *See id.* ¶ 56; ECF No. 45

("Second Dessault Decl."), ¶ 18. If the AMF declares the offer non-compliant, NAF may appeal its ruling, in which case minority shareholders may seek to intervene. *See* Dessault Decl. ¶ 65.

To warrant discovery under Section 1782, applicants must meet three "statutory requirements: (1) the person from whom discovery is sought must reside or be found in the district in which the application was made, (2) the discovery must be for use in a foreign proceeding before a foreign tribunal, and (3) the applicant must be either a foreign tribunal or an interested person." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017) (internal quotation marks omitted). If those statutory requirements are met, then Section 1782 "authorizes, but does not require, a federal district court" to grant the application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). In determining whether to exercise that discretion, a district court should consider four factors, commonly known as the "*Intel* factors": (1) whether the person from whom discovery is sought "is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal" and its "receptivity . . . to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65; *accord Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018); *see also Frasers Grp. PLC v. Stanley*, 95 F.4th 54, 58 (2d Cir. 2024) (observing that "[t]he *Intel* factors are not to be applied mechanically" (internal quotation marks omitted)).

Upon consideration of those standards here, the Court GRANTS Applicant's application — subject, however, to a substantial narrowing of the discovery they may seek. For starters, the Court concludes that Applicants have the better of the argument as to the only statutory requirement in dispute: the "for use" requirement. Critically, Section 1782 permits discovery in aid not only of pending or imminent foreign proceedings, but also in aid of those "within

reasonable contemplation." *Intel*, 542 U.S. at 259. For a proceeding to be "within reasonable contemplation," an applicant "must present to the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." *In re Hornbeam Corp.*, 722 F. App'x 7, 9 (2d Cir. 2018) (summary order) (quoting *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123-24 (2d Cir. 2015)). Applicants have met that burden here, as NAF is required by law to file a tender offer; the AMF is overwhelmingly likely to find that the offer is compliant, Dessault Decl. ¶ 61 (showing that, between 2015 and 2024, the AMF granted approval to over 99% of the tender offers it reviewed); and Applicants vow to challenge any such ruling in the Paris Court of Appeal (and have already taken concrete steps in that direction), *id.* ¶ 62; Second Dessault Decl. ¶¶ 20-21. Additionally, Applicants have provided the "legal theory supporting such a proceeding" and "a sufficiently concrete" factual basis for their claims. *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 101 (2d Cir. 2020); *see, e.g.*, Second Dessault Decl. ¶¶ 26-27 & n.1, 34. Thus, unlike the applicants in *In re Guryeva-Motlokhov*, No. 25-MC-98 (JMF), 2025 WL 1581762 (S.D.N.Y. June 4, 2025), *aff'd*, No. 25-1626-CV, 2026 WL 861084 (2d Cir. Mar. 30, 2026) (summary order), Applicants here provide an "objective basis from which the Court can conclude that" they will be able to put the discovery they seek to "use" in a foreign proceeding. *Id.* at *3 (internal quotation marks omitted).

Additionally, the Court finds that the first three *Intel* factors favor Applicants. First, the Silverpeak Parties would not be parties to the contemplated French proceeding. *See* Dessault Decl. ¶ 67; ECF No. 41 ("Silverpeak & NAF Mem."), at 23. Granted, the *final* transaction documents would be in the possession of NAF or NAE. But, at bottom, Applicants seek materials relating to the negotiation and structuring of the transaction, which are not likely to be

found in the possession of NAF — a special-purpose shell incorporated just three weeks before announcement of the transaction, Dessault Decl. ¶ 39(i); Socolow Decl. ¶ 22 — or with NAE. Second, the Court has not been "provided with authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of section 1782," *In re Genial Institucional Corretora de Cambio, Titulos e Valores Mobiliarios S.A.*, No. 24-MC-348 (JMF), 2025 WL 40783, at *3 (S.D.N.Y. Jan. 7, 2025) (internal quotation marks omitted), much less "authoritative proof" in the form of French "judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures," *In re BM Brazil 1 Fundo de Investimento em Participações Multistratégia*, No. 23-MC-208 (JGLC) (GS), 2024 WL 555780, at *10 (S.D.N.Y. Jan. 18, 2024) (internal quotation marks omitted), *report and recommendation adopted,* 2024 WL 554302 (S.D.N.Y. Feb. 12, 2024). And third, there is no basis to conclude that Applicants are seeking "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. That is, the Court is not aware of any "rules akin to privileges that *prohibit* the acquisition or use" in the contemplated French proceedings of the materials Applicants seek here. *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015).

The only *Intel* factor that cuts against Applicants is the fourth, as their requests are astoundingly broad, especially in view of the limited scope of the accelerated proceedings before the Paris Court of Appeal. The document subpoenas, for their part, define each Silverpeak entity to include its "subsidiaries, affiliates, predecessors, successors, assignees, officers, directors, employees, representatives, and/or partners or anyone acting for or on its behalf," as well as four

people. ECF No. 2-1, at 5; ECF No. 2-2, at 5; ECF No. 2-3, at 5.[1] Moreover, all seven begin with phrases such as "All documents," "All communications," and "All documents and communications," *see* ECF No. 2-1, at 7; ECF No. 2-2, at 7; ECF No. 2-3, at 7, language that is often "a red flag for overbreadth and undue burden," *In re Palladian Partners, L.P.*, No. 25-MC-330 (JLR), 2025 WL 2814719, at *12 (S.D.N.Y. Oct. 3, 2025) (internal quotation marks omitted). As for the deposition subpoenas, Applicants seek to depose two high-level Silverpeak executives, without any apparent subject-matter limitations on those depositions. *See* ECF Nos. 2-4 through 5. That said, the Second Circuit has "instructed that it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright." *Mees*, 793 F.3d at 302 (internal quotation marks omitted). Accordingly, the Court concludes that the overbreadth of Applicants' requests is not cause to deny their application — but cause to limit what they may obtain.

In sum, Applicants' application for discovery from the Silverpeak Parties is GRANTED, subject to a substantial narrowing of the discovery they may seek. To that end, unless and until the Court orders otherwise, the parties shall appear for an in-person conference with the Court on **September 1, 2026**, at **3:00 p.m.** in Courtroom 24B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY. The parties shall promptly meet and confer as to the appropriate scope and timing of discovery and, **no later than August 31, 2026**, at **5:00 p.m.,** file a joint letter with the Court addressing both of those matters. The parties shall also confer as to the terms of a proposed protective order and submit such an order to the Court. The Court

[1] Citations to ECF Nos. 2-1 through 5 correspond to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

reserves judgment with respect to whether Applicants should bear part of the costs of production, *see* Silverpeak & NAF Mem. 28-29, pending determination of the appropriate scope of discovery.

The Clerk of Court is directed to terminate ECF Nos. 1 and 49.

SO ORDERED.

Dated: August 26, 2026
New York, New York

JESSE M. FURMAN
United States District Judge