UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

IN RE:

EX PARTE APPLICATION OF ALLAN GREEN, CANDEL & PARTNERS, AND DIGITAL INNOVATIONS HOLDING FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING UNDER 28 U.S.C. § 1782.

26-MC-166 (JMF)

---------------------------------------------------------------------------x

**PROTECTIVE ORDER**

**WHEREAS**, on April 21, 2026, Applicants Allan Green, Candel & Partners SAS ("Candel"), and Digital Innovations Holding LLC (together with Allan Green and Candel, "Applicants") initiated this Proceeding (the "Proceeding") by filing an ex parte application, pursuant to 28 U.S.C. § 1782 (the "Application"), for an order authorizing Applicants to serve subpoenas for documents or deposition testimony on Silverpeak Renewables Investment Partners LP, Silverpeak Real Estate Partners LP, Silverpeak Strategic Partners LP, Kaushik Amin, and Harsh Rameshwar (collectively, the "Silverpeak Parties"), for use in a contemplated action to be filed before the Paris Court of Appeal challenging a ruling of the Autorité des Marchés Financiers ("AMF") regarding the compliance of a public tender offer by North Atlantic France ("NAF") for the shares of North Atlantic Energies ("NAE") (the "Contemplated French Proceeding," as further defined below);

**WHEREAS**, NAF and NAE have intervened in this Proceeding;

**WHEREAS**, on August 26, 2026, the Court granted the Application, and ordered the parties to confer regarding the appropriate scope and timing of discovery and to submit to the Court a proposed protective order (ECF 52) (the "1782 Order");

**WHEREAS**, certain of the documents and information that may be produced by the Silverpeak Parties in response to the subpoenas authorized pursuant to the 1782 Order may reflect information that one or more Parties assert is confidential, proprietary, or commercially sensitive, and therefore requires protection from public disclosure;

**WHEREAS**, the Parties agree, and the Silverpeak Parties in particular require as a condition of production, that any Discovery Material (defined below) produced in this Proceeding be used solely and exclusively as permitted under a protective order entered by the Court;

**WHEREAS**, to the extent not otherwise ordered by the Court, discovery under 28 U.S.C. § 1782 is to be conducted in accordance with the Federal Rules of Civil Procedure, and good cause exists for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS**, the Court has reviewed the Parties' briefing on the points of disagreement, *see* ECF Nos. 59-60, and largely, though not entirely, agrees with Applicants on those issues;

**NOW, THEREFORE**, it is hereby **ORDERED** as follows:

**1. Purposes and Limitations**

1.1 This Protective Order governs the use and disclosure of Discovery Material (as defined below) produced or disclosed pursuant to the 1782 Order or any further order of this Court in this Proceeding.

1.2 Nothing in this Protective Order shall require any Party or non-party to produce any document, thing, or information not otherwise required by the 1782 Order or subsequent order of the Court, nor shall anything herein preclude any Party or non-party from objecting to production on any ground available under applicable law.

**2. Definitions**

2.1 "Action" means any claim, suit, litigation, arbitration, proceeding, petition, application, appeal, investigation, or demand of any kind, whether civil, criminal, administrative, or regulatory, in any forum, domestic or foreign.

2.2 "Confidential Information" means any Discovery Material that a Producing Party believes in good faith reflects or contains: (a) non-public, proprietary, or commercially or competitively sensitive business, financial, or transactional information; (b) information that the Producing Party is contractually or legally bound to maintain in confidence, including under any non-disclosure or confidentiality agreement or applicable law (such as the EU General Data Protection Regulation); (c) sensitive personal information, including personal financial information, home addresses, personal contact information, or other

private details concerning an identified or identifiable individual; or (d) any other information that the Producing Party believes in good faith is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Confidential Information does not include information that is, or later becomes, generally available to the public through no breach of this Protective Order.

2.3 "Discovery Material" means all documents, electronically stored information, deposition and hearing testimony and transcripts, interrogatory responses, and any other information or tangible things, regardless of the medium in which they are generated, stored, or maintained, that are produced or disclosed by any Producing Party pursuant to the 1782 Order, together with all copies, excerpts, summaries, compilations, or other derivatives thereof, and any information copied or extracted therefrom.

2.4 "Contemplated French Proceeding" means an Action filed either (i) collectively by Applicants or (ii) by NAF or NAE, in the Paris Court of Appeal (Cour d'appel de Paris) to challenge a ruling of the AMF regarding the compliance of NAF's public tender offer for the shares of NAE, and a direct appeal of the Paris Court of Appeal's decision in that Action to the French Supreme Court. For the avoidance of doubt, "Contemplated French Proceeding" does *not* include any Action brought against the Silverpeak Parties, NAF, NAE, or any of their respective affiliates, officers, directors, employees, or agents; any proceeding pursuant to 28 U.S.C. § 1782, such as *Candel & Partners SAS v. ExxonMobil Corp.*, No. 25-20366 (5th Cir.), and related proceedings in the United States District Court for the Southern District of Texas; or any other Action of any kind, whether domestic or foreign.

2.5 "Party" or "Parties" means Applicants, the Silverpeak Parties, NAF, and NAE, together with their respective counsel of record and any other person or entity later joined as a party or permitted to intervene in this Proceeding.

2.6 "Producing Party" means any Party or non-party that produces or discloses Discovery Material in this Proceeding.

2.7 "Receiving Party" means any Party or other person to whom Discovery Material is produced, furnished, or disclosed pursuant to this Protective Order.

2.8 "Qualified Persons" means, subject to Section 5 below: (a) counsel of record for the Parties in this Proceeding, and the partners, associates, and staff of such counsel, but only after such persons have executed the Undertaking to Abide by Protective Order (the "Undertaking") attached as Exhibit A; (b) Applicants and their officers, directors, and employees, but only to the extent counsel determines in good faith that such person's access is reasonably necessary for use in the Contemplated French Proceeding, and only after such persons have executed the Undertaking attached as Exhibit A; (c) French counsel, including partners, associates, trainees, and staff of such counsel, outside consultants or experts, including partners, associates, trainees, and staff of such outside consultants or experts, retained by Applicants in connection with the Contemplated French Proceeding, but only after such persons have executed the Undertaking attached as Exhibit A; (d) this Court and its personnel, and the Paris Court of Appeal, the AMF, and any other French court, tribunal, or authority with jurisdiction over the Contemplated French Proceeding, together with their respective personnel; (e) court reporters, videographers, and litigation-support vendors retained solely to process, copy, or organize Discovery Material for use in the Contemplated French Proceeding, but only after such persons have executed the Undertaking attached as Exhibit A; (f) witnesses (including expert witnesses) at a deposition or hearing in the Contemplated French Proceeding to whom disclosure is reasonably necessary, and counsel for such witnesses, subject to Section 5.4, but only after such persons have executed the Undertaking attached as Exhibit A; (g) the author or original recipient of a document, as reflected on the face of the document; and (h) any other person to whom disclosure is permitted only upon the prior written consent of the Producing Party or further order of this Court.

**3. Designation of Confidential Information**

3.1 A Producing Party may designate as Confidential Information any Discovery Material that meets the definition set forth in Section 2.2 above, at or before the time of production, by affixing to each page, electronic file, or item the legend "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (or a similar legend), or, for tangible media that cannot practicably be so marked, by affixing such legend to the container or medium in a manner reasonably calculated to give notice of the designation. A Producing Party shall designate Confidential Information on a document-by-document

basis, and a blanket or categorical designation of all Discovery Material shall not be effective.

3.2 Deposition testimony, and the transcript thereof, shall be treated as Confidential Information for a period of fourteen (14) days following receipt of the transcript, during which time any Party or the deponent may designate all or part of the testimony as Confidential Information by written notice to all Parties identifying the relevant transcript pages and lines. Confidential Information may also be designated on the record at the deposition itself.

3.3 An inadvertent failure to designate Discovery Material as Confidential Information at the time of production shall not waive the Producing Party's right to so designate the material upon prompt written notice to the Receiving Party or Parties, following which the Receiving Party or Parties shall treat such material as Confidential Information from that point forward and shall take reasonable steps to limit any further disclosure inconsistent with that designation.

3.4 In the event that a Producing Party produces two or more identical copies of Discovery Material and any copy is designated "Confidential" while other copies are not so designated, all such identical Discovery Material shall be treated as "Confidential." Upon identifying such inconsistent designations, the Receiving Party shall notify the Producing Party of the existence and Bates numbers or other identifying information of the non-designated or not properly designated copies. The Producing Party shall then promptly inform the Receiving Parties as to whether the documents are to be treated as "Confidential" and shall undertake to reproduce the document(s) at issue with the appropriate designation.

**4. Use of Discovery Material—Limited Solely to the Contemplated French Proceeding**

4.1 Subject to Section 4.2 below, all Discovery Material, whether or not designated Confidential Information, may only be used by Applicants, and by every Qualified Person and Receiving Party, solely and exclusively in the Contemplated French Proceeding, and for no other purpose whatsoever, absent further order of the Court under Section 12.1 below.

4.2 If, at the time any Discovery Material is produced, the AMF has not yet ruled on the compliance of NAF's public tender offer for the shares of NAE (the challenge to that decision being the subject of the Contemplated French Proceeding), such Discovery Material may also be disclosed by the Applicants to the AMF.

4.3 The restrictions in this Section 4 survive the conclusion of the Contemplated French Proceeding and shall continue to bind Applicants and every other Receiving Party and Qualified Person without limitation of time, unless and until modified by written agreement of the Producing Party or further order of this Court.

4.4 Applicants shall, at all times, undertake to comply, with respect to any Discovery Material they receive, with all applicable U.S. and French laws and regulations relating to insider trading and market abuse. A Producing Party's designation of, or failure to designate, Discovery Material as Confidential shall not relieve any Party or Qualified Person of any obligation under applicable law, including the law governing handling of material nonpublic information.

4.5 Nothing in this Protective Order shall be construed as a representation, admission, stipulation, or agreement by any Party that any Discovery Material is or would be relevant, authentic, or admissible in, or otherwise of use in, the Contemplated French Proceeding, or as a waiver of any Party's right to object to the relevance, authenticity, or admissibility of any Discovery Material.

4.6 Nothing in this Protective Order shall confer upon Applicants any right to use Discovery Material produced by the Silverpeak Parties, NAF, or NAE other than as expressly permitted by this Order or a further order of the Court, and nothing herein shall be construed to expand the scope of discovery authorized by the 1782 Order and related orders of the Court.

4.7 Notwithstanding the foregoing, nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if (i) the Producing Party(ies) consent to such disclosure, (ii) this Court, upon notice to the Producing Party(ies) and other Parties, allows such disclosure; or (iii) if a Receiving Party becomes obligated to disclose the information in response to a lawful subpoena, court order, or other legal process, provided that the

Receiving Party gives written notice and a copy of the subpoena, order, or process to counsel for the Producing Party(ies) within three (3) business days of receiving such subpoena, request, or process. The Receiving Party shall not produce the subpoenaed information sooner than fourteen (14) days after providing written notice to the Producing Party(ies), unless the lawful subpoena, court order, or other legal process pursuant to which the Receiving Party is responding requires production in fewer than fourteen (14) days. If any disclosure under this Section 4.7(iii) is required, such disclosure shall be limited to the Discovery Materials necessary to comply with the obligation. Unless expressly permitted by this Court or the Producing Party, disclosures pursuant to this Section 4.7 also do not alter the use restrictions under Section 4.1.

4.8 Upon a Receiving Party's receipt of a lawful subpoena, court order, or other legal process requiring the disclosure of Confidential Information, the Receiving Party must immediately inform in writing the non-party who caused the subpoena, document request, or order to issue that some or all the material covered by the subpoena, document request, or order is the subject of this Protective Order. The Receiving Party must deliver a copy of this Protective Order promptly to the non-party that caused the subpoena, document request, or order to issue.

**5. Access to and Handling of Confidential Information**

5.1 Confidential Information shall be disclosed only to Qualified Persons, and access shall be permitted only to persons entitled to it under the terms of this Protective Order.

5.2 No Confidential Information shall be permanently retained or stored at the offices or facilities of any Receiving Party (other than outside counsel of record, subject to Section 10) after the conclusion of the Contemplated French Proceeding.

5.3 Before disclosing Confidential Information to any Qualified Person described in subparagraphs (b), (c), (e), (f), or (g) of Section 2.8, the disclosing Party shall (a) inform that person that the material is Confidential Information subject to this Protective Order and may be used only for the Contemplated French Proceeding as set forth in Section 4; (b) provide that person with a copy of this Protective Order; (c) inform that person that the Confidential Information may contain material non-public information and instruct that

person of their obligation to comply with all applicable rules in that regard; and (d) obtain that person's signed Undertaking in the form attached as Exhibit A, which the disclosing Party's counsel shall retain.

5.4 Nothing in this Protective Order shall prevent counsel from advising a client with respect to this Proceeding or the Contemplated French Proceeding, or, in the course of providing such advice, from referring generally to Confidential Information, provided that no such advice discloses Confidential Information to any person other than a Qualified Person.

5.5 Nothing in this Protective Order shall limit a Producing Party's own use or disclosure of its own Confidential Information for any purpose. Confidential Information voluntarily and subsequently made public by the Producing Party shall no longer be treated as Confidential Information.

**6. Challenges to Confidentiality Designations**

6.1 A Party is not obligated to challenge the propriety of a Confidential Information designation at the time it is made, and a failure to do so does not preclude a later challenge.

6.2 A Party wishing to challenge a designation shall first confer in good faith with counsel for the Producing Party, identifying the material at issue and the basis for the challenge in writing. The Producing Party shall respond in writing within seven (7) calendar days, and, absent resolution, the Parties shall meet and confer within a further seven (7) calendar days. If the dispute remains unresolved, the challenging Party may, within fourteen (14) calendar days thereafter, seek relief from this Court pursuant to its Individual Rules and Practices, failing which the challenge is waived. Pending resolution of any challenge, the material shall continue to be treated as Confidential Information.

**7. Filing With the Court**

7.1 Any Party wishing to file with this Court any Confidential Information, or any pleading, motion, letter, or other paper disclosing or incorporating Confidential Information, shall file such material under seal, or with redactions narrowly tailored to the Confidential Information at issue, in accordance with this Court's Individual Rules and Practices for Civil Cases and the presumption in favor of public access to judicial documents. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). The

filing Party shall contemporaneously notify the Producing Party of any such filing. No provision of this Protective Order shall be construed to authorize the filing of any document under seal absent a prior order of the Court so permitting on a document-by-document basis. Filing any Discovery Material in this Court, whether or not under seal and whether or not an application to seal is ultimately granted, does not alter the use limitations under Section 4.1.

**8. Inadvertent Production of Privileged Material**

8.1 The inadvertent production of any document or information subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection shall not constitute, or be argued to constitute, a waiver of any such privilege or protection, in accordance with Rule 502(b) of the Federal Rules of Evidence and applicable law.

8.2 A Producing Party that inadvertently produces privileged or protected material may request its return or destruction by written notice identifying the material and the basis for the privilege or protection claim. Upon receipt of such notice, the Receiving Party shall promptly return, sequester, or destroy the specified material and any copies, shall not use or disclose such material pending resolution of the claim, and, if the Receiving Party disputes the claim, may raise the dispute with the Court in accordance with its Individual Rules and Practices, without asserting the fact of production itself as a ground for compelling disclosure.

**9. Unauthorized or Inadvertent Disclosure**

9.1 If a Receiving Party learns that Confidential Information has been disclosed, inadvertently or otherwise, to any person not authorized to receive it under this Protective Order, the Receiving Party shall promptly: (a) notify the Producing Party in writing, identifying the person to whom disclosure was made; (b) use its best efforts to retrieve and, as applicable, destroy all copies of the Confidential Information in that person's possession; (c) inform that person of the terms of this Protective Order; and (d) request that person to execute the Exhibit A certification. Nothing in this Section limits any other remedy available to the Producing Party for unauthorized disclosure.

**10. Disposition of Discovery Material**

10.1 Within thirty (30) days after the conclusion or termination of the Contemplated French Proceeding (whether by, for example, the running of the deadline for any appeal of the decision of the Paris Court of Appeal without such appeal being taken or the conclusion of any appeal to the French Supreme Court), each Receiving Party shall, at the Producing Party's election, destroy or return to the Producing Party all Discovery Material and all copies, excerpts, summaries, or compilations thereof, and shall certify such destruction or return in writing. Notwithstanding the foregoing, outside counsel of record may retain one archival copy of pleadings, motion papers, transcripts, and attorney work product that contain or reflect Discovery Material, provided that any such archival copy remains subject to this Protective Order, including Section 4, without limitation of time.

**11. Survival of Obligations; Continuing Jurisdiction; Remedies**

11.1 The obligations imposed by this Protective Order, including without limitation the use restrictions in Section 4, shall survive the conclusion of this Proceeding and the Contemplated French Proceeding and shall remain binding unless modified by written agreement of the Producing Party or further order of this Court.

11.2 This Court retains jurisdiction over all persons subject to this Protective Order, including but not limited to those persons who execute Exhibit A, to the extent necessary to enforce any obligation arising hereunder or to impose sanctions, including for contempt, for any violation.

11.3 It is **ORDERED** that this Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(a) and any other sanctions as may be available to the Court, including inherent powers and the power to hold Parties or other violators of this Order in contempt. All other remedies available to any person injured by a violation of this Order are fully reserved.

**12. Relief From or Modification of This Order**

12.1 Entry of this Protective Order is without prejudice to the right of any person to apply to the Court for relief from any restriction herein, or for an order further restricting, compelling, or authorizing the production or use of any Discovery Material, including the use of Discovery Material in other proceedings. This Protective Order may be modified by

written agreement of the Parties, effective upon approval by the Court, or by further order of the Court upon motion and for good cause shown by the moving Party.

**13. Miscellaneous**

13.1 Compliance with this Protective Order shall not (a) operate as an admission by any Party that any particular Discovery Material is or is not properly designated Confidential Information; (b) prejudice any Party's right to object to the production, relevance, authenticity, or admissibility of any Discovery Material; or (c) be construed as a waiver by any Producing Party of any objection to production or any claim of privilege.

13.2 This Protective Order shall be binding upon the Parties, their counsel of record, and every person who receives Discovery Material or Confidential Information pursuant to its terms, including those who execute **Exhibit A**.

13.3 The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of this Proceeding and the Contemplated French Proceeding.

13.3 The Parties agree to comply with the terms of the Order pending its entry by the Court.

13.4 This Order may be executed in any number of actual, telecopied, or emailed counterparts, each of which when executed and delivered shall be an original. The executed signature page(s) from each actual, telecopied, or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

**Dated**: September 11, 2026

**SO ORDERED:**

JESSE M. FURMAN
United States District Judge

Dated: September 11, 2026
New York, New York

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>EX PARTE APPLICATION OF ALLAN GREEN, CANDEL & PARTNERS, AND DIGITAL INNOVATIONS HOLDING FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING UNDER 28 U.S.C. § 1782 | No. 26-MC-166 (JMF) |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, ____________________________________, being duly sworn, state as follows:

1. My address is:

   ______________________________________________________________________.

2. My present employer and occupation are:

   ___________________________________________________________________________

   ___________________.

3. I have read the Stipulation and Protective Order entered in *In re Ex Parte Application of Allan Green, Candel & Partners, and Digital Innovations Holding*, No. 26-MC-166 (JMF) (S.D.N.Y.) (the "Protective Order"), and I am familiar with its terms. I agree to be bound by the Protective Order.

4. I understand that I may receive Discovery Material, including Confidential Information, pursuant to the terms and restrictions of the Protective Order. I agree that I will use such material solely and exclusively for purposes of the Contemplated French Proceeding, as defined in and permitted by the Protective Order, and for no other purpose whatsoever, and that I will not reveal such Discovery Material to any person not authorized to receive it under the Protective Order.

5. I agree to retain all Discovery Material I receive in a secure manner consistent with the Protective Order, and to return or destroy such material (or certify its destruction) upon the conclusion of my role in connection with the Contemplated French Proceeding or upon request of the Producing Party, whichever occurs first, in accordance with Section 10 of the Protective Order.

6. I consent to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Protective Order, and I understand that any violation of its terms may subject me to sanctions, including for contempt of court.

Dated: ________________________

Name: ________________________

Signature: _____________________