UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:

EX PARTE APPLICATION OF ALLAN GREEN, CANDEL & PARTNERS, AND DIGITAL INNOVATIONS HOLDING FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING UNDER 28 U.S.C. § 1782

26-MC-166 (JMF)

MEMORANDUM OPINION AND ORDER

---

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, the Court previously granted Applicants' request for discovery, pursuant to 28 U.S.C. § 1782(a), from Silverpeak Renewables Investment Partners LP, Silverpeak Real Estate Partners LP, Silverpeak Strategic Partners LP, Kaushik Amin, and Harsh Rameshwar (together, the "Silverpeak Parties"), for use in a contemplated action involving North Atlantic France ("NAF") that is likely to be filed in the Paris Court of Appeal after a ruling by the Autorité des Marchés Financiers (or "AMF"), a French regulator. *See* ECF No. 52. That said, the Court ordered the parties to meet and confer with respect to the scope of such discovery and the terms of a proposed protective order. *See id.* at 5-6. On September 1, 2026, the parties appeared before the Court to discuss those issues, after which they filed simultaneous letter-briefs addressing lingering disputes over the proposed protective order, including, as relevant here, whether it should prohibit Applicants from submitting the discovery they obtain to the AMF. *See* ECF Nos. 59-60. On September 11, 2026, the Court entered a Protective Order, Section 4.2 of which permits Applicants to submit any discovery they obtain to the AMF "if the AMF has not yet ruled." ECF No. 63, ¶ 4.2.

On September 14, 2026, the Silverpeak Parties and NAF (collectively, "Movants") filed a motion for reconsideration of that provision of the Protective Order. ECF No. 64. "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather,

the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ( (cleaned up)). In light of that strict standard, the motion for reconsideration must be and is DENIED. For one thing, Movants were not, as they claim, "denied a chance to fully address" the question of whether Applicants should be permitted to submit the discovery they obtain to the AMF. ECF No. 65 ("Motion"), at 5. To the contrary, Movants had the opportunity to make or did make all of the arguments they now make in the letter-brief they filed with respect to the parties' disputes over the proposed protective order. *See* ECF No. 60 ("Movants' Letter-Brief), at 2-3 ("The Protective Order Should Be Limited to the Proceedings for Which Applicants Sought Discovery and Exclude the AMF's Regulatory Process").

On top of that, Movants concede that, under controlling law, an applicant is permitted to use any discovery it obtains pursuant to Section 1782 in connection with other proceedings unless a court, on a showing of good cause, issues a protective order prohibiting such use. *See* Motion 5 (citing *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017)). It follows that whether the proceedings before the AMF would themselves have supported Applicants' request for discovery, *see id.* at 7-8 (arguing that the AMF proceedings would not independently satisfy Section 1782's requirements), is irrelevant. More relevant to the question of whether the protective order should prohibit submission to the AMF are Movants' arguments that "permitting use before the AMF will prolong and delay the mandatory tender offer process to [their] detriment," *id.* at 9-10, as that at least speaks to the issue of good cause. But Movants already made that argument, *see* Movants' Letter-Brief 3, which was considered and rejected by the Court. Movants are not entitled to a second bite at the apple.

That is enough to deny Movants' motion. But even if the Court were to consider the issue *de novo*, it would not grant Movants' request. As the Court observed during the conference held on September 1, 2026, the AMF proceedings are inextricably intertwined with the Paris Court of Appeal proceeding for which Applicants seek discovery from the Silverpeak Parties. Given that, and given the

expedited nature of the Paris Court of Appeal proceeding after any ruling by the AMF, it makes sense to permit Applicants to submit any discovery they obtain to the AMF in the first instance. Movants' objection that such submission may prolong and delay the proceedings to their detriment is unpersuasive for two reasons. First, as Applicants have observed, the proceedings have already been unusually prolonged. *See* ECF No. 49 at 1-2. Any further delay would be marginal, and would likely be outweighed by the efficiencies involved in having the AMF consider any relevant evidence in the first instance. Second and in any event, whether submission of any evidence would cause delay is speculative and appears to depend not only whether the AMF has ruled on the matter but on whether the AMF itself decides that the materials would be worthy of consideration. *See* Motion 3-4 (observing that the AMF "*may* submit" any materials it receives from Applicants "to the independent expert who is then required to address them" (emphasis added)). Ultimately, the AMF is better positioned than this Court to decide whether any materials Applicants obtain are relevant to its decision and, if they are, whether consideration of them justifies any further delay. For that reason, the Court found — and finds — that Movants fail to show good cause to prohibit Applicants from submitting any discovery they obtain to the AMF if the AMF has not yet ruled on the matter.

For the foregoing reasons, Movants' motion for reconsideration is DENIED. Their request for an administrative stay, *see* Motion 11, is thus DENIED as moot.

The Clerk of Court is directed to terminate ECF No. 64.

SO ORDERED.

Dated: September 15, 2026
New York, New York

JESSE M. FURMAN
United States District Judge